UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VACO LLC; and VACO SEATTLE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | No.<br><br>[King County Superior Court Case No. 25-2-30043-9 SEA]<br><br>**NOTICE OF REMOVAL**<br><br>[Clerk's Action Required] |

**TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

PLEASE TAKE NOTICE that Defendant Federal Insurance Company ("Federal"), by and through counsel, Cozen O'Connor, hereby removes, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, the above-entitled action from the Superior Court of the State of Washington in King County to the United States District Court for the Western District of Washington. In support thereof, Federal states as follows:

**VENUE AND JURISDICTION**

1. Venue is proper in this Court under 28 U.S.C. § 128, 1332(a), 1441(a), and 1446(a) because the Superior Court of the State of Washington for King County, where the Complaint was filed, is a state court within the Western District of Washington.

NOTICE OF REMOVAL - 1
Case No. _____

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\81997628\4

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a), and is one which Federal may remove to this Court pursuant to the provisions of 28 U.S.C. §1441(b). Upon information and belief, Plaintiffs are citizens of Tennessee, Connecticut and New York, while Defendant Federal is an Indiana corporation with its principle place of business in New Jersey. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. All other requirements for removal have been satisfied.

## BACKGROUND

4. On October 13, 2025, Plaintiffs Vaco LLC and Vaco Seattle LLC (collectively "Plaintiffs") filed a lawsuit against Federal in King County Superior Court, Case No. 25-2-30043-9 SEA ("State Court Action"). Plaintiffs filed an Amended Complaint in the State Court Action on December 1, 2025. A true and correct copy of the Amended Complaint is attached herewith and as **Exhibit A** to Federal's LCR 101(b) Verification of Removal ("Verification").

5. The Amended Complaint alleges causes of action for (1) Declaratory Judgment; (2) Breach of Contract; (3) Per Se and Non Per Se Violation of Consumer Protection Act; (4) Common Law Bad Faith; and (5) Insurance Fair Conduct Act Violation. The Amended Complaint alleges that Federal has breached a contract of insurance it issued to Plaintiffs by not fully funding the settlement in the matter styled *Alexander Floyd, individually and on behalf of all other similarly situated v. Vaco LLC, a foreign limited liability company; Vaco Seattle LLC, a foreign limited liability company; and Does 1-20, as yet unknown Washington entities,* filed in King County Superior Court under Case Number 25-2-03007-5 SEA (the "underlying lawsuit"). Verification, Ex. A, ¶ 16.

6. The undersigned counsel accepted service of this lawsuit on December 4, 2025. See, Verification, Ex. B.

NOTICE OF REMOVAL - 2
Case No. _____

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\81997628\4

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely because it is filed within 30 days of Federal's acceptance of the Complaint in the State Court Action or the first court date thereafter (pursuant to Fed. R. Civ. P. 6(a)).

## JURISDICTIONAL BASIS FOR REMOVAL

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiffs, on the one hand, and Federal on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and removal is appropriate pursuant to 28 U.S.C. § 1441(b).

## DIVERSITY OF CITIZENSHIP

9. Diversity of citizenship exists when a suit is between citizens of different states. 28 U.S.C. § 1332(a). A limited liability company is a citizen of the state or states of which each of its members are citizens. Citizenship "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

10. Plaintiff Vaco Seattle LLC was a Tennessee Limited Liability Company. This action concerns insurance coverage for a settlement of an underlying action alleging statutory violations after January 1, 2023. According to the Amended Complaint in this action (Paragraph 2), Vaco Seattle LLC was merged into Plaintiff Vaco LLC in January 2020 and did not exist as a separate entity at the time of the relevant events. According to the Amended Complaint, Vaco Seattle LLC was incorrectly named in the underlying action and could not have faced any liability in the underlying action. Therefore, Vaco Seattle LLC is a nominal party to this action and its citizenship should be disregarded. *Bates v. Mortgage Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012).

NOTICE OF REMOVAL - 3
Case No. _____

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\81997628\4

11. Alternatively, if the citizenship of Vaco Seattle LLC is considered, the most recent membership information available for Vaco Seattle LLC indicates that the members of Vaco Seattle LLC were Jerry Bostelman, Brian Waller, William Sweat and Jay Hollomon.

12. Upon information and belief, Jerry Bostelman is domiciled in Tennessee.

13. Upon information and belief, Brian Waller is domiciled in Tennessee.

14. Upon information and belief, William Sweat is domiciled in Tennessee.

15. Upon information and belief, Jay Hollomon is domiciled in Tennessee.

16. Plaintiff Vaco LLC is a Delaware Limited Liability Company that changed its name to Highspring LLC on April 29, 2025.

17. Based on state records, the members of Highspring LLC are Brian Waller, Griffin Barstis, Jason Miller, Jim Conroy and Lisa Weaver.

18. Upon information and belief, Brian Waller is domiciled in Tennessee.

19. Upon information and belief, Griffin Barstis is domiciled in Connecticut.

20. Upon information and belief, Jason Miller is domiciled in New York.

21. Upon information and belief, Jim Conroy is domiciled in Connecticut.

22. Upon information and belief, Lisa Weaver is domiciled in Tennessee.

23. Federal is an Indiana corporation with its principal place of business located in New Jersey.

24. Therefore, there is complete diversity: Plaintiffs are citizens of Tennessee, Connecticut and New York, and the Defendant is a citizen of Indiana and New Jersey.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

25. In assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v.*

NOTICE OF REMOVAL - 4
Case No. _____

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\81997628\4

*Boston Market Corp.*, 408 F. Supp.2d 982, 986 (S.D. Cal. 2005). Indeed, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Additionally, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint") (citations omitted).

26. In this action, Plaintiffs claim Federal has caused damages in an amount to be proven at trial but not less than $1,000,000. Verification, Ex. A ¶ 23. Plaintiffs also seek their attorney fees, expert costs and other costs. *Id.*, Prayer for Relief. Therefore, the amount in controversy exceeds $75,000.

27. Because Plaintiffs are diverse from Federal and the amount in controversy, exclusive of interest and costs, exceeds $75,000, this Court has original jurisdiction over the claims pursuant to 28 U.S.C. § 1332.

## STATE COURT PLEADINGS

28. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings in the action pending in King County Superior Court as of January 5, 2026, are attached to Federal's LCR 101(b) Verification of Removal filed herewith.

## NOTICE TO PLAINTIFF

29. Federal has served written notice of this filing on counsel for Plaintiffs as required by 28 U.S.C. § 1446(d).

## NOTICE TO STATE COURT WHERE REMOVED ACTION WAS PENDING

30. After the filing of this Notice of Removal, Federal will transmit a copy of this Notice of Removal to the Clerk of the King County Superior Court of the State of Washington as required by 28 U.S.C. § 1446(d).

NOTICE OF REMOVAL - 5
Case No. _____

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\81997628\4

**NON-WAIVER OF DEFENSES**

31. By removing this action from the King County Superior Court of the State of Washington, Federal does not waive any defenses available to them or admit any of the allegations in Plaintiffs' Amended Complaint. Further, Federal reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Federal respectfully removes the above-captioned action from the King County Superior Court of the State of Washington to the United States District Court for the Western District of Washington.

DATED this 5th day of January, 2026.

COZEN O'CONNOR

By: /s/ Jonathan Toren
Jonathan Toren, WSBA No. 46896
999 Third Avenue, Suite 1900
Seattle, Washington 98101
Phone: (206) 340-1000
Fax: (206) 621-8783
Email: jtoren@cozen.com

*Attorney for Defendant Federal Insurance Company*

NOTICE OF REMOVAL - 6
Case No. _____

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\81997628\4

# CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

>Seth H. Row, WSBA No. 329095
>Stoel Rives LLP
>760 SW Ninth Avenue, Suite 3000
>Portland, Oregon 97205
>Phone: (503) 224-3380
>Email: seth.row@stoel.com

DATED this 5th day of January, 2026.

COZEN O'CONNOR

By: */s/Andrea Cargill*
Andrea Cargill, Legal Practice Assistant
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: (206) 340-1000
E-mail: andreacargill@cozen.com

NOTICE OF REMOVAL - 7
Case No. _____

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\81997628\4