FILED
2025 DEC 01 04:09 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-30043-9 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| VACO LLC and VACO SEATTLE LLC, Plaintiffs, v. FEDERAL INSURANCE COMPANY, Defendant. | Case No. 25-2-30043-9 SEA **AMENDED COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, CONSUMER PROTECTION ACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT** **JURY TRIAL DEMANDED** |

COMES NOW Plaintiffs Vaco LLC and Vaco Seattle LLC (collectively, "Vaco"), by and through their attorneys, and for their claims for relief against Defendant Federal Insurance Company ("Federal"), allege as follows:

## I.    PARTIES

1.    Plaintiff Vacco LLC is a Delaware limited liability company, regularly conducting business in King County, Washington.

2.    Plaintiff Vaco Seattle LLC was previously a separate entity, but was consolidated by merger into Vaco LLC on January 1, 2020, and at all times relevant had no separate existence as an entity. Vaco Seattle LLC was incorrectly named as a defendant in the underlying litigation which is the subject matter of this action.

/ / /

/ / /

AMENDED COMPLAINT - 1

151060084.1 0084860-00001

3.      Defendant Federal Insurance Company ("Federal") is a foreign insurer organized under the laws of Indiana with its principal place of business in the state of New Jersey. On information and belief Federal is a wholly owned subsidiary of Chubb INA Holdings, Inc., which is 80% owned by Chubb Group Holdings, Inc., and 20% by Chubb Limited. On information and belief Chubb Group Holdings, Inc., is a wholly owned subsidiary of Chubb Limited. On information and belief Chubb Limited is publicly traded on the New York Stock Exchange (symbol CB). Federal conducts business and sells insurance policies in King County and other counties in the state of Washington.

## II.      JURISDICTION AND VENUE

4.      Vaco, LLC purchased an Employment Practices Liability policy from Federal covering a number of entities including Vaco Seattle LLC.

5.      The Court has subject matter jurisdiction over the subject matter of this action under RCW 2.08.101 because this action concerns the interpretation of insurance contracts the value of which exceeds $3000, and because the claim giving rise to this action arose in King County, Washington. Venue is proper in King County, Washington, pursuant to RCW 4.12.020, RCW 4.12.025(1), and RCW 48.05.220 as the causes of action for breach of contract and tort arose in King County, Washington, and Federal transacts business in King County, Washington.

## III.      STATEMENT OF FACTS

6.      On or about January 31, 2025, Vaco was sued in King County, Washington, in a case styled *Alexander Floyd, individually and on behalf of all other similarly situated v. Vaco LLC, a foreign limited liability company; Vaco Seattle LLC, a foreign limited liability company; and Does 1-20, as yet unknown Washington entities,* Superior Court in Case Number 25-2-03007-5 SEA, via a complaint entitled "Class Action Complaint for Discrimination" (the "Floyd Complaint").

/ / /

/ / /

AMENDED COMPLAINT - 2

**STOEL RIVES** LLP
ATTORNEYS
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
*Telephone 503.224.3380*

7.    The Floyd Complaint alleged that Vaco LLC has an office for the transaction of business in Tukwila, Washington, and that Vaco Seattle LLC has an office for the transaction of business in Bellevue, Washington.

8.    The Floyd Complaint alleged that Vaco had violated the Washington "Wage Transparency Law," RCW 49.58.110, by failing to disclose the wage scale or salary range in Vaco's posting of job openings.

9.    The "Wage Transparency Law" referred to in the Floyd Complaint is a part of the Washington Equal Pay and Opportunities Act (RCW 49.58) ("EPOA") which (among other things) prohibits wage discrimination on the basis of gender.

10.    The Floyd Complaint sought to certify a class of people who had applied for jobs with Vaco that did not comply with the EPOA, and sought statutory damages of $5,000 per class member, costs, and reasonable attorney fees, preliminary and permanent injunctive relief, declaratory relief, and pre- and post-judgment interest.

11.    Federal issued an Employment Practices Liability policy, Policy Number J06305088, with policy period 8/15/2024 to 8/15/2025, to named insured Vaco Parent LLC, which provided coverage to all subsidiaries of the named insured, including Vaco LLC and Vaco Seattle LLC (the "Policy").

12.    Vaco promptly notified Federal of the Floyd Complaint and demanded that Federal defend and indemnify Vaco under the Policy with regard to the Floyd Complaint.

13.    Federal at first denied any duty to defend Vaco.

14.    After being challenged on its position, Federal amended its position and agreed to fund Vaco's defense against the Floyd Complaint but refused to withdraw its reservation of rights. In a letter dated February 2, 2025, Federal—through attorney Jonathan Toren of firm Cozen O'Connor—informed Vaco that Federal disclaimed any duty to indemnify Vaco against the Floyd Complaint or the claims asserted in the Floyd Complaint.

/ / /

AMENDED COMPLAINT - 3

STOEL RIVES LLP
ATTORNEYS
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Telephone 503.224.3380

151060084.1 0084860-00001

15. Vaco negotiated a settlement of the Floyd Complaint's claims and presented the settlement to Federal with a demand that Federal fund the settlement.

16. Federal only agreed to fund a small portion of the settlement.

17. Concurrently with the filing of this Complaint, Plaintiffs are providing written notice as required under RCW 48.30.01.5(8) to Federal and the Office of the Insurance Commissioner.

18. If Federal fails to resolve Plaintiffs' claims for relief as outlined below within 20 days of receipt of the notice, Plaintiffs reserve the right to amend this Complaint to include an additional claim for violation of the Washington Insurance Fair Conduct Act.

## IV.     CAUSES OF ACTION

## COUNT I

## BREACH OF CONTRACT

19. Plaintiffs reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

20. Plaintiffs, through named insured Vaco Parent LLC, paid valuable premiums in consideration for the Policy.

21. Plaintiffs performed all conditions and obligations put upon them under the Policy excluding any that were excused or as to which Federal's conduct made compliance impossible or unreasonably difficult.

22. Federal breached its express and implied duties under the Policy, by, among other things, unreasonably investigating and denying all coverage to Vaco, and then by refusing to fund the entirety of the settlement of the Floyd Complaint.

23. As a direct and proximate result of Federal's breaches of contract, Federal has caused Vaco damages in an amount to be proven at trial but not less than $1,000,000.

/ / /

/ / /

AMENDED COMPLAINT - 4

151060084.1 0084860-00001

STOEL RIVES LLP
ATTORNEYS
760 SW Ninth Avenue, Suite 3000, Portland, OR  97205
Telephone 503.224.3380

## COUNT II

### DECLARATORY JUDGMENT

24.    Plaintiffs reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

25.    A clear and present dispute exists between Plaintiffs and Federal concerning their respective rights and obligations as to coverage under the Policy. Accordingly, Plaintiffs seek declaratory judgment that:

a.    Federal's investigation of Plaintiffs' entitlement to coverage was unreasonable;

b.    Federal unreasonably denied coverage for Plaintiffs' claim for coverage;

c.    Federal is estopped from denying coverage based on its conduct;

d.    Federal is limited to asserting the bases for denial that it set forth in its letter dated February 2, 2025;

e.    Federal committed per se and non per se violations of the Washington Consumer Protection Act by its conduct set forth in this Complaint; and

f.    Any other declaratory relief as the Court may deem appropriate.

### COUNT III

### COMMON LAW BAD FAITH

26.    Plaintiffs reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

27.    Federal owes Vaco a duty of good faith and fair dealing.

28.    Federal committed bad faith through multiple acts and omissions, including but not limited to: failing to conduct a reasonable investigation; unreasonably failing to connect the controlling law and language of the Policy to the facts of the insureds' loss; failing to put Vaco's economic interests on par with its own; and unreasonably denying Vaco insurance coverage benefits to which Vaco was, is, or will be entitled.

/ / /

AMENDED COMPLAINT - 5

29.     Federal's bad faith acts and omissions directly and proximately caused and continue to cause Vaco to suffer damages in an amount to be proven at trial. These include, but are not limited to, the deprivation of benefits owed to Vaco under the Policy and the costs associated with bringing this action for coverage, including court costs and attorney fees.

## COUNT IV

### PER SE AND NON PER SE VIOLATION OF CONSUMER PROTECTION ACT

30.     Plaintiffs reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

31.     Federal's acts and omissions as described above violated multiple provisions of WAC 284-30-330 including, but not limited to, subsections (1), (4), (7), and (13). Federal's violations are per se violations of RCW 19.86, Washington's Consumer Protection Act (the "CPA").

32.     Federal's acts and omissions also constitute non-per se violations of the CPA. As pleaded above, Federal's unreasonable acts and omissions were unfair or deceptive; occurred in trade or commerce; and affected Washington's policyholders and the public interest.

33.     Federal's unfair or deceptive acts and omissions directly and proximately caused and continue to cause Plaintiffs to suffer damages in an amount to be proven at trial. These damages include, but are not limited to, the deprivation of benefits owed to Plaintiffs under the Policy and the costs associated with bringing this action for coverage including court costs and attorney fees.

34.     Plaintiffs are entitled to recover their actual damages, attorney fees, litigation costs and treble damages pursuant to RCW 19. 86. 090.

## COUNT V

### INSURANCE FAIR CONDUT ACT (IFCA) VIOLATION

35.     Plaintiffs reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

AMENDED COMPLAINT - 6

151060084.1 0084860-00001

STOEL RIVES LLP
ATTORNEYS
760 SW Ninth Avenue, Suite 3000, Portland, OR  97205
Telephone 503.224.3380

36.    On or about October 6, 2025, pursuant to RCW 48.30.015(8), Plaintiffs sent notice to Federal of their intent to assert a cause of action against Federal under IFCA.

37.    Federal failed to resolve Plaintiffs' claims within the 20-day statutory period provided by RCW 48.30.015(8)(a). As such, Plaintiffs have met all statutory requirements necessary to assert and maintain an IFCA cause of action against Federal. RCW 48.30.15(8)(b).

38.    Federal is liable to Plaintiffs under IFCA because, among other things, Federal on information and belief failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; refused to pay Plaintiffs' claim without conducting a reasonable investigation; failed to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for denial of a claim; and failed to complete its investigation within thirty (30) days after notification of the claim.

39.    Federal's acts and omissions in violation of IFCA have proximately and directly caused and continue to cause Plaintiffs to suffer damages in an amount to be proven at trial.

40.    Plaintiffs are entitled to recover their actual damages, attorney fees, litigation costs, and expert witness fees pursuant to RCW 48.30.015(3).

41.    In addition, the Court may award up to three times Plaintiff's actual damages pursuant to RCW 48.30.015(2).

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor against Federal as follows:

1.    For a judgment in favor of Plaintiffs and against Defendant in an amount to be proven at trial but not less than $1,000,000;

2.    For declaratory relief as pleaded above;

3.    For an award of attorney fees, expert costs, and other costs incurred in bringing this action;

/ / /

AMENDED COMPLAINT - 7

151060084.1 0084860-00001

**STOEL RIVES** LLP
ATTORNEYS
760 SW Ninth Avenue, Suite 3000, Portland, OR  97205
*Telephone 503.224.3380*

4.      For prejudgment interest accruing until the date judgment is entered; plus post-judgment interest at the statutory rate;

5.      For treble damages under the CPA and/or IFCA; and

6.      For such other and further relief as the Court deems fair, just, and equitable.

DATED:  December 1, 2025                          STOEL RIVES LLP


                                                  /s Seth H. Row
                                                 SETH H. ROW, WSBA No. 32905
                                                 seth.row@stoel.com
                                                 503.294.9401

                                                 *Attorneys for Plaintiffs*

AMENDED COMPLAINT - 8